NO FEE / NO IFP
15JF
#3

TRULINCS 34802016 - ROSEBAR, MICHAEL LAWRENCE - Unit: LOR-C-A

-----------------------------------------------------------------------------

RELATED TO
3:22-CV-127

FROM: 34802016
TO:
SUBJECT: 1
DATE: 11/05/2023 07:59:42 PM

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLANIA

MICHAEL LAWRENCE ROSEBAR,

    PETITIONER

CASE NUMBER 1:16 CR 00018-CCK-1

WARDEN MICHAEL UNDERWOOD ETAL,

3:23- CV- 277



RESONDDENT

NOV 0 7 2023

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

EMERGENCY PRO,SE MOTION TO BE IMMEDIATELY RELEASE
PURSUANT TO 28 USC 2241 A WRIT OF HABEAS CORPUS
DUE TO FAILURE TO PAY RESTITUTION DC CODE 16-711
AND FEDERAL RESTITUTION AND UNDER FEDERAL RULE

BACKGROUND

ON FEBRUARY 4, 2016, A FEDERAL GRAND JURY RETURNED A 26-COUNT INDICTMENT CHARGING MICHAEL
ROSEBAR WITH CONCEALMENT OF BANKRUPTCY ASSETS, IN VIOLATION OF 18 U.S.C. 152(1) AND AIDING AND
ABETTING, IN VIOLATION OF 18 U.S.C. 2.

ON JUNE 9, 2016, A FEDERAL GRAND JURY RETURNED A 45-COUNT SUPERSEDING INDICTMENT CHARGING
MICHAEL ROSEBAR WITH CONCEALMENT OF BANKRUPTCY ASSETS, IN VIOLATION OF 18 U.S.C. 152(1) AND AIDING
AND ABETTING, IN VIOLATION OF 18 U.S.C. 2 (COUNTS ONE THROUGH 26); FALSE DECLARATION AND STATEMENT,
IN VIOLATION OF 18 U.S.C. 152(3) AND 18 U.S.C. 2 (COUNTS 27 AND 28); FALSE OATH AND ACCOUNT, IN VIOLATION
OF 18 U.S.C. 152(2) (COUNT 29); CONSPIRACY TO COMMIT FIRST DEGREE FRAUD, IN VIOLATION OF 22 DCC 3221(A)
AND 3222(A)(1) (COUNT 30); FIRST DEGREE FRAUD, IN VIOLATION OF 22 DCC 3221(A) AND 3601 (COUNTS 31 - 40);
WIRE FRAUD, IN VIOLATION OF 22 DCC 1805(A) AND 3221(A), AND 3222(A)(1) (COUNT 44); AN FIRST DEGREE FRAUD,
IN VIOLATION OF DCC 3221(A) AND 3221(A)(1) (COUNT 45).

ON OCTOBER 4, 2016, A FEDERAL GRAND JURY RETURNED A 45-COUNT SECOND SUPERSEDING INDICTMENT,
ADDING ERIN ROSEBAR, MICHAEL ROSEBAR'S WIFE, AS A DEFENDANT IN THE FOLLOWING COUNTS: CONSPIRACY
TO COMMIT FIRST DEGREE FRAUD, IN VIOLATION OF 22 DCC 3221(A) AND 3222(A)(1) (COUNT 30); FIRST DEGREE
FRAUD, IN VIOLATION OF 22 DCC 3221(A) AND 3601 (COUNTS 31 - 40); WIRE FRAUD, IN VIOLATION OF 18 U.S.C. 1343
(COUNTS 41 - 43); CONSPIRACY TO COMMIT FIRST DEGREE FRAUD, IN VIOLATION OF 22 DCC 1805(A) AND 3221(A),
AND 3222(A)(1) (COUNT 44); AN FIRST DEGREE FRAUD, IN VIOLATION OF DCC 3221(A) AND 3221(A)(1) (COUNT 45).
ALSO, EACH INDICTMENT CONTAINED A FORFEITURE ALLEGATION.

AT THE INITIAL APPEARANCE ON FEBRUARY 9, 2016, BILLY MARTIN REPRESENTED APPELLANT. ON FEBRUARY 17,
2016, THE DISTRICT COURT GRANTED MR. MARTIN'S MOTION TO WITHDRAW. WENDELL ROBINSON REPRESENTED
MR. ROSEBAR UNTIL JULY 20, 2016, WHEN THE COURT GRANTED THE GOVERNMENT'S MOTION TO DISQUALIFY
HIM DUE TO CONFLICT OF INTEREST. ON AUGUST 23, 2014, ANTOINI JONES FILED HIS ENTRY OF APPEARANCE.
DUE TO A POTENTIAL CONFLICT OF INTEREST, MR. JONES CEASED TO REPRESENT MR. ROSEBAR. FOLLOWING
APPOINTMENTS OF TWO ATTORNEYS FROM THE FEDERAL PUBLIC DEFENDER'S OFFICE, WHICH APPELLANT
FOUND WERE NOT SATISFACTORY, BRIAN MCDANIEL WAS APPOINTED TO REPRESENT MR. ROSEBAR. A MOTIONS
HEARING WAS HELD ON APRIL 20, 2017. FOLLOWING ARGUMENT, EACH DEFENSE MOTION WAS DENIED. [JA AT 174-
209] ULTIMATELY, MR. ROSEBAR PROCEEDED PRO SE AND MR. MCDANIEL WAS STAND-BY COUNSEL.

MEANWHILE, ON MAY 25, 2017, ERIN ROSEBAR CLAIMED THAT HER ATTORNEY SEXUALLY HARASSED HER,

1

TRULINCS 34802016 - ROSEBAR, MICHAEL LAWRENCE - Unit: LOR-C-A

--------------------------------------------------------------------------------

LEADING THE COURT TO DISMISS HER CURRENT COUNSEL AND SEVER HER CASE FROM THAT OF MR. ROSEBAR. ON MAY 28, 2017, THE GOVERNMENT FILED A NOTICE OF INTENT TO PROCEED ON A LIMITED NUMBER OF COUNTS IN ORDER "TO STREAMLINE THIS CASE." THE GOVERNMENT CHOSE TO PROCEED TO TRIAL ON COUNTS 2, 3, 6, 8, 16, 18, 27, 28, 29, 31, 33, 35, 41, 42, 43, AND 45. THE GOVERNMENT PROVIDED THAT IT "WILL PROCEED ON THE REMAINING [29] COUNTS AT A LATER DATE." ON OCTOBER 10, 2017, MRS. ROSEBAR ENTERED A GUILTY PLEA TO COUNT 45 OF THE SECOND SUPERSEDING INDICTMENT. ON FEBRUARY 23, 2018, SHE WAS SENTENCED TO 12 MONTHS INCARCERATION, EXECUTION OF SENTENCE SUSPENDED AND 5 YEARS PROBATION. SHE WAS ORDERED TO PAY RESTITUTION IN THE AMOUNT OF $10,849.00.

TRIAL COMMENCED ON JUNE 5, 2017. THE JURY RETURNED VERDICTS OF GUILTY AS TO ALL COUNTS PRESENTED. ON OCTOBER 16, 2017, MR. ROSEBAR WAS SENTENCED TO A TOTAL OF 120 MONTHS INCARCERATION, FOLLOWED BY 36 MONTHS SUPERVISED RELEASE. [JA 318] AN AMENDED JUDGMENT WAS FILED ORDERING RESTITUTION IN THE AMOUNT OF $701,242.00. [JA 326] AT THE TIME OF SENTENCING, THE REMAINING COUNTS WERE DISMISSED ON MOTION OF THE GOVERNMENT. THE NOTICE OF APPEAL WAS TIMELY FILED. [JA 317] ON APRIL 24 2018 THE US ATTORNEY OFFICE
SENT A LETTER TO MR ROSEBAR AND HIS ATTORNEY FOR FAILURE TO PAY THE RESTITUTION DUE IN 30 DAYS AFTER THE JUDGEMENT SEE EXHIBIT (1) SEE EXHIBIT (2) THE GOVERMENT MOTION FOR RESTITUTION ALSO SEE EXHIBIT (3) THE GOVERMENT MOTION FOR FORFEITURE FOR 65,000 SEE EXHIBIT (4) MR ROSEBAR OPPOSITION MOTION TO THE GOVERMENT MOTION FOR RESTITUTION WHEN MR CAME TO LORETTO CAMP HE WAS
CALLED THE THE CASE MANAGER OFFICE MR TO SIGN THE IFRP WITH  MR GRIFFTHEN AND THE COUNSELOR OFFICE
IN JANUARY 2018 IN JULY MR ROSEBAR WAS SENT TO RAYBROOK IN NEW YORK TO A MED JAIL IN JULY 16  2018 BUT
MR ROSEBAR HAS A ZERO CRIMINAL HISTORY POINT MR HAS NEVER BEEN IN TROUBLE AND NEVER BEEN TO JAIL WHEN MR ROSEBAR WAS AT RAYBROOK MR ROSEBAR CALLED HIS APPEAL ATTORNEY AND TOLD HER WERE HE WAS IN A
MED JAIL HE WAS SENT RIGHT BACK TO LORETTO CAMP BUT BEFORE MR LEFT THE JAIL HE TALK TO THAT WARDEN AND
SHOWED HIS PAPER WORK AND ASK THE WARDEN THERE WHAT KIND OF SENTENCE IS THIS? SHE REPLIED WHATS
YOUR NAME MR ROSEBAR TOLD THE WARDEN HIS NAME THEN SHE SAID TALK TO YOUR COUNSELOR  MRS KIRBY MRS KIRBY SAID HI MR ROSEBAR IM 'VERY SORRY YOU MADE THAT JUDGE MAD AT YOU BECAUSE YOU HAD SUED JUDGE HOGAN DOING PRETRIAL AND YOU HAVE AND ILLEGAL SENTENCE AND MR ROSEBAR WAS SENT BACK HERE TO LORETTO CAMP SEE EXHIBIT (5) JUDGE HOGAN IS NO LONGER A JUDGE IN US DISTRICT COURT.

MR ROSEBAR THEN TALK TO MR SPASOTO THE CMC AT THE CAMP SHE SAID THAT WE HAVE TO COMPUTTATE YOUR SENTENCE OVER IT NEVER HAPPEN MR ROSEBAR IS STILL HERE IN JAIL SEE EXHIBIT (6) WHEN MR ROSEBAR SIGN THE IFRP
MR WAS THREATEN TO BE PUT IN THE HOLDING CELL  IF HE WONT SIGN THE IFRP AT THE TIME HE ARIVED HERE AT THE
CAMP MR ROSEBAR THOUGHT THAT THE IFRP GO TOWARD THE RESTITUTION CAUSE  MR ROSEBAR NEVER FAIL TO PAY
RESTITUTION MR ROSEBAR NEVER WAS GIVING A CHANCE TO PAY? ON NOVEMBER 1 2023  MR ROSEBAR WAS CALL AGAIN IN THE CASE MANAGER OFFICE MR GOTTSHAW HERE AT THE CAMP AGAIN AFTER SIX AND A HALF YEARS LATTER ASKING
MR ROSEBAR TO SIGN ANOTHER CONTRACT FOR IFRP FOR 200 HUNDRED DOLLARS EVERY THREE MONTH MR ROSEBAR
SAID NO TO MR GOTTSHAW THE CASE MANAGER MR GOTTSHAW ASK OVER AND OVER AGAIN ARE YOU SURE MR ROSEBAR
MR SAID  NO THAT HE WILL SIGN UNPON RELEASE LIKE HIS J&C STATES UNPON RELEASE ULESS THE COURT STATES OTHER
WISE A THE DEFENDANT PAY IFRP. MR ROSEBAR HAS BEEN ON TIME EVERY THREE MONTHS FOR IFRP PAYMENT SINCE INCARCERATION HAS NEVER LATE THE BOP HAS BEEN TAKING THE MONEY AND HAS NOT GIVEING THE MONEY TO THE  COURT FROM THIS AGGREGATED SENTENCE HAVING MR ROSEBAR TAKING FSA GED CLASSES OVER AND OVER AGAIN FORCING HIM TO TAKE FSA PROGRAMS THAT DO NOT APLY TO HIS US CODE AND  DC CODE AGGRGATED SENTENCE? MR ROSEBAR DO NOT KNOW WHAT KIND OF SENTENCE HE HAS BUT MR ROSEBAR IS VERY AWARE THAT IT KNOW DEBTOR PRISON TO BE IN JAIL AND PAY TO BE IN JAIL AND THE BOP IS NOT GIVEING THE MONEY TO THE CLERK OF THE COURT FOR  HIS PAYMENTS FOR RESTITUTION MR ROSEBAR

TRULINCS  34802016 - ROSEBAR, MICHAEL LAWRENCE - Unit: LOR-C-A

--------------------------------------------------------------------------------

WAS NEVER GIVING A PAROLE HEARING IN THIS CASE BECAUSE  DC OFFENDERS STILL HAS PAROLE CSOSA MR
ROSEBAR HAS NEVER BEEN LATE ON HIS IFRP PAYMENTS SEE EXHIBIT (7)AND SINCE MR DID NOT SIGN THE NEW
FOR THE 200 DOLLARS MR HAS BEEN PUT IN REFUSAL STAUS ? 25 DOLLARS A MONTH
WHILE DC COURT TRING TO SALE AND FORECLOSURE ON THE ROSEBAR MAIN HOUSE SEE NEW BANKRUPTCY
CASE
ADVERSARY AGAINST BOTH ROSEBARS DEFAMATION CASE IN US DISTRICT COURT THE CREDITOR NOW
ADMITTING THAT HE FILED A FASLE POLICE REPORT AGAINST MR ROSEBAR AFTER THE GOVERMENT IN THIS
CASE AND IN THE APPEAL STATING THAT MR BROOKS PLAYED NO PART IN THIS CRIMINAL CONVICTION SEE
EXHIBIT (8) BRROKS V ROSEBAR
THAT MAKES THE GOVERMENT ATTORNEYS A TRANGRESTION ATTORNEYS IN THIS CASE. AND THE BANKRUPTCY
ADVERSARY  CASE WAS REMANDED FOR FUTHER PROCEEDING FOR THE CREDITOR DAVID BROOKS SELECTIVE
PLEADING IN BANKRUPTCY.
FOR THE REMOVERAL OF A DEFAMATION CASE FROM DC SUPERIOR COURT TO US DISTRICT COURT IN
BANKRUPTCY WERE
HE MADE A FALSE POLICE REPORT. THE CASE HAS NOW PUT MR ROSEBAR IN REFUSE STATUS BECAUSE MR
ROSEBAR
WOULD NT' SIGN THE NEW CONTRACT FOR IFRPI GUESS TO TELL THE PAROLE BOARD OR PROBATION THAT MR
ROSEBAR REFUSE TO PAY RESTITUTION WHICH IS NOT TRUE MR ROSEBAR REFUSE TO PAY IFRP BECAUSE THE
DID NOT CHECK THE BOX ON THE J&C FOR THE FORFEITURE ORDER ON THE J&C AND THE FEDERAL GOVERMENT
CAN NOT ORDER RESTITUTION AND THE GOVERMENT CAN ONLY ORDER RESTITUTION FOR DC CODE IS ONLY IN A
PLEA AGGREEMENT
DC CODE 16-711 AND MR ROSEBAR WENT TO TRIAL THERE KNOW MEETING IN THE MINE.

CASE LAW
ARGUMENT 28 USC 2241

## J. **Restitution**, Reparation and Community Service

"Reasonable" **restitution** or reparation may be required as a condition of probation, in connection with any other sentence, or as a sentence itself. D.C. Code § 16-711(a).[30(1)] In ordering **restitution**, the court must consider:

> the number of victims, the actual damage of each victim, the resources of the defendant, the defenc any obligation of the defendant to support dependents, and other matters as pertain to the defend **restitution** or reparation.

§ 16-711(b). The court must specify the manner in which **restitution** is to be made (16-711(c); the defendant may seek a hearing at any time regarding the **restitution** plan. § 16-711(d). The period of payment may or may not be the same as the period of probation. If **restitution** is not a condition of probation, the remedy for non-compliance is a contempt action. The court must also inform the defendant when a plea is entered that **restitution** may be required. Holland v. United States, 584 A.2d 13 (D.C. 1990).

"Actual damage" for which **restitution** may be required "includes known liquidated damages such as medical expenses, lost wages, and other expenses connected with the crime," but not "pain, disfigurement, suffering, and anguish." Sloan v. United States, 527 A.2d 1277, 1290 (D.C. 1987). (A **restitution** order for liquidated damages "can be used as a set-off against any subsequent civil damage verdict." Id. at 1290 n.22.) See also Southall v. United States, 716 A.2d 183, 187-88 (D.C. 1998) (trial court erred in setting a **restitution** amount to compensate the victim for pain and suffering).

Sloan stressed the need for specific findings of fact in support of a **restitution** order, and "a factual basis in the record to support the court's determination of the amount of **restitution**." Id. at 1290. If **restitution** is likely to be ordered, counsel should insist that the government provide reliable information on the nature and amount of the victim's expenses and, where necessary, conduct an independent investigation by interviewing the complainant and obtaining relevant records from hospitals or employers.

Sloan did not resolve whether a **restitution** award can include losses for which the victim has received compensation through insurance policies or employment benefits. While a civil plaintiff can recover notwithstanding collateral source payments, see generally District of Columbia v. Jackson, 451 A.2d 867, 870-73 (D.C. 1982), the **restitution** statute refers only to the victim's "actual damage,"§ 16-711(b) (emphasis added), which does not include amounts for which the complainant is otherwise compensated. Including such recovery in a criminal **restitution** order would also make **restitution** the functional equivalent of a civil judgment, without the jury trial on damages that is guaranteed by the Seventh Amendment.

**Restitution** may be ordered as to cases dismissed in a plea agreement, if the defendant agrees to the plan. Hill v. United States, 529 A.2d 788, 791 (D.C. 1987) ("not every imaginable **restitution** plan may be offered as the basis of an alternative to incarceration[, but this plan was] circumscribed by reasonableness"). Hill suggests that if a defendant wants to change the terms of **restitution**, the proper vehicle is a motion for a hearing under § 16-711(d).

The court cannot incarcerate the defendant for failure to pay **restitution**, unless it finds that the defendant has not made "sufficient bona fide efforts" to pay or that adequate alternative forms of punishment do not exist. Bearden v. Georgia, 461 U.S. 660, 661 (1983). It can, however, condition a

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

☞

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

4

sentenced misdemeanant's work release privileges upon payment of **restitution** (out of wages earned while on work release). Davidson v. United States, 467 A.2d 1282, 1285 (D.C. 1983).

The court may also order "reasonable" community service as a "condition of probation or as a sentence itself."§ 16-712(a). The term of community service cannot exceed five years. In ordering community service, the court must consider the defendant's physical and mental health, age, education, employment and vocational training, family circumstances, and financial conditions. § 16-712(b). A motion to modify or revisit the plan may be made under § 16-712(d).

### K. Court Costs

Every sentence must include an assessment of "costs" of the prosecution, pursuant to the Victims of Violent Crimes Compensation Act of 1996, D.C. Code §§ 4-501 to 518. Although the purpose of the Act is to compensate victims of enumerated offenses, § 4-501(6), the requirement affects convictions for all offenses. The court must assess "between $100 and $5,000 for each felony offense" and "between $50 and $250 for each misdemeanor offense."[31(2)] § 4-516(a). Wages earned during incarceration, parole or probation may be levied. Id. To determine whether a complainant is obtaining compensation from the fund, contact the Crime Victim Compensation Program at 727-8445. On the provisions generally, see Morris v. District of Columbia Dept. of Employment Services, 530 A.2d 683 (D.C. 1987).

## III. COMPUTATION AND SERVICE OF SENTENCE

A sentence which is imposed does not actually commence being served until "the point of 'transfer of a convicted individual from the judiciary, which pronounced the sentence, to the executive, which administers it.'" Francis v. United States, 715 A.2d 894, 898 n.9 (D.C. 1998) (quoting Thomas v. United States, 388 A.2d 1231, 1232 (D.C. 1978)). In Francis, the trial court imposed a split sentence, but stayed its execution at the request of the defense. In the meantime, the trial court realized that it had failed to take into account Department of Corrections policy on credit for time served, so it modified the sentence upward to effectuate its original intent regarding how much time the defendant would actually serve in custody. The Court of Appeals affirmed, reasoning that 1) the increased sentence did not violate double jeopardy because the sentence was stayed and was not yet being served at the time of the upward modification and 2) as a court of general jurisdiction, the Superior Court had jurisdiction in these unique circumstances to modify the sentence upward to conform to the clear intent expressed by the court at the original sentencing hearing. Id. at 899-904. See also infra Section IV.

### A. Consecutive or Concurrent Sentences

All sentences run consecutive to one another, unless the court expressly orders that they run concurrently. D.C. Code § 23-112; Super. Ct. Crim. R. 32(c)(2). See also Bragdon v. United States, 717 A.2d 878 (D.C. 1998) (separate Youth Act commitments imposed on multiple charges are deemed consecutive unless the sentencing judge explicitly states otherwise). Counsel must ensure that the judgment and commitment order (J & C) accurately reflects that the sentences are to run concurrently, if the judge so orders.

### B. Credit for Time in Pretrial Custody

Credit for time served is due "for time spent in custody or on parole as a result of the offense for which the sentence was imposed." D.C. Code § 24-221.03(a). It is given automatically if the defendant is incarcerated pre-conviction on the current charge, and no other. Time "in custody due to a charge that

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME



© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

resulted in a dismissal or acquittal . . . shall be credited against any sentence that is based upon a charge for which a warrant or commitment detainer was placed during the pendency of custody."§ 24-221.03(b). Finally, credit is due for "all time actually spent, pursuant to a court order, . . . in a hospital for examination purposes or treatment prior to trial or pending an appeal."§ 24-221.03(c).[32](3) *Shelton v. United States*, 721 A.2d 603 (D.C. 1998) (defendant must receive credit for time served confined at Saint Elizabeth's Hospital pursuant to the Sexual Psychopath Act following his guilty plea and prior to sentencing). Credit for pretrial custody ceases to accrue on the date that the defendant commences service of any unrelated sentence. Furthermore, a parolee is not entitled to credit for "street time" served on parole if parole is later revoked. United States Parole Commission v. Noble, 693 A.2d 1084 (D.C. 1997), adhered to on rehearing en banc, 711 A.2d 85 (1998). The en banc court in Davis v. Moore, 772 A.2d 204 (D.C. 2001), held that Noble may be applied retroactively and adopted the "firm rule of retroactivity" of the Supreme Court: all newly-declared rules of law must be applied retroactively to all criminal cases pending on direct review or not yet final.

When a client has more than one case, counsel must know the client's bond status in each, because the statute provides automatic credit only if the person is convicted in a case in which custody was in place. The following hypothetical illustrates this point:

> Defendant is on release in case A when he is arrested and charged with a new offense, B. A sure which the defendant does not post. He later pleads guilty to charge A and charge B is dismissed.

This defendant will not receive credit for time in custody before the plea because he will be sentenced on the offense for which he was not in custody. If the court orders credit to which the defendant is not legally entitled, the Department of Corrections will simply ignore that notation. To obtain credit, counsel should ask that the sentence reflect the credit that is administratively foreclosed – that is, that the court impose a sentence reduced by the amount of time served but not credited.

To avoid having to rely on the court's cooperation at the end of the case, counsel should take steps to ensure that credit is being accrued. If the defendant will not be able to post bond in the new case, counsel should move the court to impose a nominal bond in all cases so that the defendant is earning credit for all, regardless of which one ultimately goes to sentencing.[33](4) If consecutive sentences are ultimately imposed, the defendant will receive credit toward the aggregate.

Department of Corrections computation practices have created an anomaly in credit for split sentences. If the defendant serves the unsuspended portion of the sentence and is released on probation, but the court subsequently revokes probation and reduces the sentence, the defendant may be denied credit for the time already served. The Parole Board treats the reduced sentence as a new sentence, and assumes that the court took the time served into account when it reduced the sentence. Counsel must therefore ask the court to specify "credit to be given for time served" on the Judgment and Commitment Order – an endorsement that in all other cases has no effect on the way credits are computed, but in this situation will compel the Department of Corrections to credit the period already served toward service of the reduced sentence. The alternative is for the court simply to consider the time served in imposing the sentence.

Counsel should obtain a copy of the J & C from the clerk or the jacket, and ask the client to forward a copy of the time computation ("face sheet") after the sentence has begun, in order to check the accuracy of the computation and the credit to be given.

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

# Endnotes

## 1 (Popup - Popup)

*Brown v. United States, 579 A.2d 1*158 (D.C. 1990), upheld payment of child support as a condition of Youth Act probation, but held that, as with restitution, the court must conduct an inquiry to determine the appropriate amount.

## 2 (Popup - Popup)

The assessment applies to all misdemeanor offenses, not just "serious" misdemeanors. Parrish v. District of Columbia, 718 A.2d 133, 135 (D.C. 1998). Moreover, the trial court may not waive the assessment. Id. at 136.

## 3 (Popup - Popup)

¹See 18 U.S.C. § 3585: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. . .A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

## 4 (Popup - Popup)

A judge's idea of "nominal" may range from $10 to $1,000. A motion to reduce, reminding the court that the bond was intended to be nominal, may be required if the case that originally held the defendant was dismissed.

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

Rule 35(a) of the Federal Rules of Criminal Procedure states that "[w]ithin 7 **{491 F. Supp. 2d 4}** days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). 3 The government argues that the Court committed clear error during sentencing when it did not impose restitution for the two federal tax evasion counts to which the defendant pled guilty, Counts 5 and 6 of the Superseding Indictment. Gov't Mot. to Correct at 2-3. The defendant responds that (1) Rule 35(a) does not give the Court the authority to amend its sentence except under very limited circumstances, circumstances that do not apply to this case, and (2) the Court has no authority to impose restitution in this case under 18 U.S.C. § 3663(a)(3) or any other arguably relevant statute or under the terms of the Rule 11(c)(1)(C) plea agreement. Def. Opp. to Mot. to Correct at 1-3.

**{2007 U.S. Dist. LEXIS 9}** The Court agrees with the defendant that the Court's authority to "correct a sentence" pursuant to Rule 35(a) is restricted to circumstances not present in this case. 4 Furthermore, for the reasons stated in open court on March 27, 2007, and as further explained below, the Court concludes that it has no legal authority to order restitution for the tax loss on the federal counts in this case.

**{2007 U.S. Dist. LEXIS 10}**A. Rule 35(a) of the Federal Rules of Criminal Procedure

With a few enumerated exceptions in which the Court may modify or correct a sentence, "a judgment of conviction that includes [] a sentence [to imprisonment] constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b). One of those exceptions is the Court's authority to "correct" the sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3582(b)(2). And Rule 35 permits the Court to correct a sentence within seven days if the sentence resulted from "arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). 5

In recommending to the Supreme Court the adoption**{2007 U.S. Dist. LEXIS 11}** of the provision currently located in Rule 35(a) of the Federal Rules of Criminal Procedure (and formerly located at Rule 35(c)), the Advisory Committee stated:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those **{491 F. Supp. 2d 5}** cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court . . . The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. FED. R. CRIM. P. 35 advisory committee's note to 1991 Amendments. This Rule is intended only to "provide[] an efficient and prompt method for correcting obvious technical errors that are called to the court's attention **{2007 U.S. Dist. LEXIS 12}** immediately after sentencing." Id. (emphasis added). It was adopted in response to the recommendation of the Federal Courts Study Committee that the Rules "recognize explicitly the ability of the sentencing court to correct a sentence . . . if [arithmetical, technical or other clear] error is discovered shortly after the sentence is imposed." Id. (emphasis added).

In this case, the government asks the Court essentially to reconsider its sentence based on an issue that was raised, briefed and argued by the parties prior to the imposition of the sentence simply because the government disagrees with the Court's decision on that issue. This is exactly the sort of reconsideration that Rule 35(a) is not intended to permit. See United States v. Barragan-Mendoza, 174 F.3d at 1028; United States v. Abreu-Cabrera, 64 F.3d at 72; United States v. Werber, 51 F.3d

ylcases



© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

342, 346-47 (2d Cir. 1995). The proper forum in which the government now must raise issues related to the Court's authority to impose restitution is on appeal of the sentence to the court of appeals.

### B. Federal Restitution

Even were a motion pursuant to Rule 35(a) **{2007 U.S. Dist. LEXIS 13}** appropriate under the circumstances presented here, no "clear error" exists with respect to the Court's decision not to order restitution for the federal tax evasion counts. The Court did not have the authority to order such restitution under either of the two theories of restitution advanced by the government in the course of Mr. Anderson's sentencing.

"'Federal courts have no inherent power to order restitution. Such authority must be conferred by Congress through statute.'" <u>United States v. Gottesman</u>, 122 F.3d 150, 151 (2d Cir. 1997) (quoting <u>United States v. Helmsley</u>, 941 F.2d 71, 101 (2d Cir. 1991)); <u>see also United States v. Wells</u>, 177 F.3d 603, 608 (7th Cir. 1999). As the defendant correctly pointed out in his initial sentencing brief, the Title 26 tax offenses to which Mr. Anderson pled guilty in Counts 5 and 6 of the Superseding Indictment are not among those enumerated in either of the two federal criminal restitution statutes: the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, or the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. <u>See</u> 18 U.S.C. § 3663(a)(1)(A)**{2007 U.S. Dist. LEXIS 14}** (setting forth those offenses to which the VWPA applies, *i.e.*, all offenses under Title 18, certain sections of Title 21, and certain sections of Title 49); 18 U.S.C. § 3663A(c)(1)(A) (setting forth those offenses to which the MVRA applies, *i.e.*, crimes of violence, offenses against property under Title 18 or under 21 U.S.C. § 856(a) (a provision of the Controlled Substances Act), including any offense committed by fraud or deceit, and tampering with consumer products under 18 U.S.C. § 1365); <u>see also</u> Def. Mem. **{491 F. Supp. 2d 6}** at 56-58. The government, therefore, advanced two separate theories during sentencing under which it argued that the Court could order restitution in this case.

### 1. Restitution As a Condition of Supervised Release

Restitution may be ordered as a condition of supervised release in the following way. Under 18 U.S.C. § 3583, the Court may (and is sometimes required) to give the defendant a term of supervised release, and it is authorized to set the length and conditions of that term. The Court has authority to set, *inter alia*, certain conditions of supervised release**{2007 U.S. Dist. LEXIS 15}** that are enumerated "in section 3563(b)(1) through (b)(10) . . ." 18 U.S.C. § 3583(d); <u>see also id.</u> (granting sentencing court broad discretion in a catch-all provision to set "any other condition [of supervised release] it considers to be appropriate"). Section 3563(b)(2) provides:

> The court may provide as [a] further condition[] of a sentence of probation, to the extent that such [a] condition[] [is] reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant -- make restitution to a victim of the offense under section 3556 (*but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A)*).18 U.S.C. § 3563(b)(2) (emphasis added). In other words, when restitution is imposed as a condition of probation or supervised release, the limitations to certain statutory offenses in the VWPA (18 U.S.C. § 3663) and the MVRA (18 U.S.C. § 3663A) do not apply.

**{2007 U.S. Dist. LEXIS 16}** The effect of this statutory scheme is that the Court could have entered an order of restitution even where the specific offense of which the defendant was convicted is not enumerated in either the VWPA or the MVRA -- so long as it did so as a condition of supervised release. <u>See, e.g.,</u> <u>United States v. Frith</u>, 461 F.3d 914, 919 (7th Cir. 2006) (district court has "discretionary authority to order restitution as a condition of supervised release for a crime not

ylcases

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

specifically covered by either § 3663 *or* § 3663A") (emphasis in original); <u>United States v. Butler</u>, 297 F.3d 505, 518 (6th Cir. 2002) (district court has authority to order restitution for Title 26 tax evasion offenses as a condition of supervised release); <u>United States v. Bok</u>, 156 F.3d 157, 167 (2d Cir. 1998) (district court may order restitution as a condition of supervised release "where restitution would be available under § 3663(a) but for the fact that the offense is not within the category of offenses listed in the statute") (citing U.S.S.G. § 5E1.1(a)(2) (1997)). A restitution order entered as a condition of supervised release is **{2007 U.S. Dist. LEXIS 17}** "subject to the same rules and procedures that govern all other restitution orders" under 18 U.S.C. § 3664. <u>United States v. Frith</u>, 461 F.3d at 919-20; <u>see also</u> 18 U.S.C. § 3556. It obviously follows that the court may *not* order any condition of supervised release, including restitution, if it cannot order supervised release at all.

ylcases

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

Modified Sentences of Incarceration

1. Split Sentences

a. Indeterminate System

To order a split sentence, the court imposes a sentence and suspends "execution of a portion thereof." D.C. Code § 16-710(a) (overruling Davis v. United States, 397 A.2d 951 (D.C. 1979)). The portion of the sentence that must be served may be followed by a period of probation. The defendant serves the entire specified term and, if a period of probation is to follow, is released directly to probation supervision. If probation is revoked, the court can order the suspended sentence or any lesser term into effect. See § 16-711.

To impose a split sentence in the indeterminate system, the court begins with a normal sentence, specifying a maximum and a minimum (felonies) or simply a maximum (misdemeanors). It then specifies the portion to be served immediately, using language such as "execution of all but [the amount of the split] suspended and the defendant to be placed on probation for [a specified period of five years or less]." The split portion may be any period up to the largest minimum sentence authorized by law (i.e., one-third of the maximum). It cannot be less than any required mandatory minimum. For example, a sentence on a count for which 15 years to life is authorized could be "6 to 18 years, execution of all but 3 years suspended, and probation for 5 years." The defendant would serve three years (minus presentence credit, if applicable). Upon release, the defendant would be on probation for five years.

b. Determinate System

A split sentence must have the following elements:

(1)    an imposed sentence,

(2)    an imposed period of supervised release,

(3)    suspension of some, but not all, of the prison time,

(4)    suspension of all of the supervised release term, and

(5)    a period of probation, not to exceed 5 years, to follow release from the unsuspended portion of the prison time.

To impose a legal split sentence, the court must impose both the prison sentence it wants the defendant to serve if probation is later revoked and the amount of supervised release that must be imposed with that prison sentence. Then the court must suspend the amount of prison time it wants to suspend and suspend all the supervised release time. The court must then set the period of probation it wants the defendant to have. The court must impose a term of supervised release because the law says that every felony prison sentence must be followed by an adequate period of supervised release. The court must suspend the imposed term of supervised release when it is imposing a split sentence because the felony sentence will not be completely served and the supervised release should not begin unless and until probation is revoked and the defendant serves the unsuspended portion of the original prison sentence

(or some lesser sentence, if the judge chooses to reduce it upon revocation).[28(1)] If the supervised release were not entirely suspended, it would run concurrently with the probation and the court (through

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

the probation) and the USPC (through the supervised release) would both have jurisdiction in the same case at the same time. Importantly, if the defendant is successful on probation and is never revoked, then the defendant will not serve the suspended prison time nor will he serve any supervised release.

Example: In an aggravated assault case, the judge may impose the following example of a legal split sentence: "6 years in prison to be followed by 3 years supervised release, suspend all but 2 years in prison to be followed by 4 years probation." With this sentence, the defendant will serve 2 years in prison and then be released to do 4 years probation. If the defendant is successful on probation, then he will never serve the remainder of the prison sentence (the 4 years he did not serve of the 6-year imposed sentence) and he will never serve the term of supervised release. If the defendant is unsuccessful and the court revokes probation, then the defendant will serve the remainder of the prison sentence (or less, if the court chooses) and, once released from prison, the defendant will serve the 3-year-term of supervised release.

When calculating a split sentence, the initial prison sentence that the court imposes cannot be greater than the maximum prison sentence allowed for the offense. Splitting a sentence does not change the rules for how the maximum prison sentence must be calculated for non-Class A felonies. A defendant cannot be made to serve more time in prison that the statutory maximum penalty for that offense for non-Class A felonies and cannot be made to serve more time in prison than the statutory maximum penalty for that offense plus the revocation term for Class A felonies.

Split sentences provide many possibilities for creative sentencing. For example, "weekend" sentences are legal in the indeterminate system[29(2)] and qualify as being in "custody" for purposes of the escape statute. Williams v. United States, 781 A.2d 740 (D.C. 2001). Split sentences are especially valuable in the indeterminate system because they allow defendants to avoid the USPC because release is automatic at the end of the split. Although less valuable in the determinate system (because the release date is very predictable, unlike in the indeterminate system), split sentences still have some value in the determinate system because they allow supervision (on probation) by the court upon release at the end of the split, rather than supervision (on supervised release) by the USPC. But see Olden v. United States, 781 A.2d 740 (D.C. 2001) (trial judge had authority to impose a conditional sentence and require defendant to fulfill a condition of probation – finding a drug treatment program outside of the District of Columbia – while still incarcerated during the front portion of the "split sentence"; any potential conflict between trial court's sentence and power of USPC to release defendant was too speculative since no conflict would arise unless defendant remained incarcerated after completion of the five-year minimum term).

### 2. Work Release

#### a. Misdemeanors

Work release can be ordered for anyone imprisoned for a misdemeanor, contempt, or failure to pay a fine. D.C. Code §§ 24-241.01 et seq. A "recommendation" for work release in a misdemeanor case is legally meaningless. The court must enter a specific work release order, Armstead v. United States, 310 A.2d 255 (D.C. 1973), and the defendant will be placed in a Department of Corrections halfway house.

Work release privileges may not be revoked except by court order. The Department of Corrections may, however, suspend privileges for up to five days for a violation of its rules. § 24-241.05(a).

The order for work release may be conditioned on payment of **restitution** from wages earned while on

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12

34802016

release. Davidson v. United States, 467 A.2d 1282 (D.C. 1983). The United States Parole Commission also has authority to place misdemeanants in halfway houses upon eligibility for parole. §§ 24-241.01, 241.02.

## b. Felonies

For offenses committed on or after August 5, 2000, the court now has the authority to order as a condition of probation for any defendant convicted of a felony that he remain in custody during nights, weekends or other intervals. The total time in custody ordered as a condition of probation cannot exceed one year during the term of probation. Thus, the court may now essentially order work release in felony cases. D.C. Code § 16-710(b-1).

## I. Probation Revocation

### 1. General Procedures

Judicial authority to revoke probation for violation of a condition is codified at D.C. Code § 24-304. Revocation may be for violating any condition that is either express or "so clearly implied that a probationer, in fairness, can be said to have notice of it.... [T]he probationer must have acted, or failed to act, in a way that foreseeably could result in revocation." The standard of proof for revocation of probation is preponderance of the evidence. Johnson v. United States, 763 A.2d 707 (D.C. 2000). Carradine v. United States, 420 A.2d 1385, 1389-90 (D.C. 1980) (improper to revoke probation for failure to respond adequately to psychiatric treatment when maintaining prescribed level of mental stability had not been a condition; also noting that revocation based solely on mental state would raise serious questions). Resper v. United States, 527 A.2d 1257 (D.C. 1987), held that a defendant who was to be released from jail when space became available in a residential program did not violate any condition of probation when she failed to enter the program on her own after being prematurely released by mistake from the jail; the court had not advised her of a contingent responsibility to use "self-help" to enter the program, and imposed no time limit on her entry into the program. Commission of a crime is a violation of probation. Wallace v. United States, 475 A.2d 401, 405 (D.C. 1984) ("implicit in every case where [a] prison sentence is suspended and probation granted is the condition that the probationer refrain from any violation of law until his term of probation has been satisfactorily completed"). Probation cannot be revoked for failure to pay a fine or make **restitution** if the defendant is not financially able to comply. Bearden v. Georgia, 461 U.S. 660 (1983).

Technical violations – failure to report or to advise of a change of address, see Harris v. United States, 612 A.2d 198, 203 n.7 (D.C. 1992) – are often the product of communication difficulties or personality differences between the defendant and the probation officer, or other problems that can be resolved short of revocation. Counsel must speak to the probation officer in advance to determine what precipitated the violation report, and what solutions might be satisfactory; this is particularly important in case the probation officer in court is not the client's own probation officer. Postponement may be requested so that the defendant can comply with amended conditions or demonstrate ability to comply with the original conditions. If a personality conflict cannot be resolved satisfactorily, counsel may request assignment of a new probation officer. Counsel should always try to examine the probation file before the hearing, and may seek a continuance to speak with the specific probation officers who made certain notations in the file.

The sentencing court may learn of D.C. rearrests through the Social Services Division, within 48 hours of the arrest. Other violations may be brought to its attention through a report filed by the probation officer,

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME.

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

which specifies the alleged violations, discusses general probation adjustment, and makes a recommendation on whether a "show cause hearing" should be convened. The court then decides whether to initiate revocation proceedings by issuing an order for the defendant to appear in court, with counsel, to show cause why probation should not be revoked.

When a probationer is rearrested in D.C., the judicial officer at presentment may order a five-day bondless hold pursuant to D.C. Code § 23-1322(a). If the new case is a felony, the preliminary hearing is held on the same return day, in courtroom 119, unless the probation judge "formally elects" to handle it. The preliminary hearing in the new case serves as the first of the two revocation hearings discussed infra Section H. If a hold is not imposed at presentment, the sentencing judge can decide whether to issue a show-cause order and revoke probation without regard to the time constraints of the five-day hold provision. A revocation hearing held after the preliminary hearing will be heard by the probation judge.

To expedite this procedure, commissioners in arraignment and presentment court sometimes consolidate counsel in "five-day hold" cases, appointing counsel in the new case to represent the defendant in the probation case as well. The consent of neither prior counsel nor the defendant is sought. The difficulty is that new counsel is unfamiliar with the facts and circumstances of the past case, hence unable to correct errors in government proffers or provide explanations or exculpatory information. New counsel should therefore contact prior counsel immediately and obtain as much information as possible about the old case. If it is particularly complicated or if a special relationship existed between prior counsel and the defendant, the defendant may want to object to the removal of counsel, and new counsel may seek to decline appointment.

Revocation implicitly involves three decisions: (1) whether to detain the defendant pending final disposition; (2) whether to revoke probation; and (3) what sentence to impose upon revocation. In general, a separate detention decision is made only if the violation alleged is a rearrest or a failure to stay away from the complainant in the underlying case. The procedures required for detention pending revocation are discussed infra Section H. If detention pending revocation is not requested, there is only one hearing, at which the court must determine, by preponderant evidence, whether a probation violation has occurred. See Harris, 612 A.2d at 203. Most judges allow a defense continuance to prepare and submit additional materials prior to final resentencing, giving even this the appearance of a two-step proceeding.

## 2. The Timing of Revocation

Probation can be revoked "[a]t any time during the probationary term." D.C. Code § 24-304(a). It can also be revoked even before it begins, if the defendant commits an offense "of such nature as to demonstrate to the court that he is unworthy of probation." Wright v. United States, 315 A.2d 839, 841 (D.C. 1974) (citation omitted). The same principle applies to violation of any condition that can be violated before probation begins. Resper, 527 A.2d at 1259 (contrasting commission of a crime with reporting to one's probation officer).

Similarly, the court can extend its jurisdiction to revoke until after the date on which probation is due to expire, if it takes affirmative action during the term to preserve its jurisdiction. § 24304; Brown v. United States, 666 A.2d 493 (D.C. 1995) (show cause order issued during probationary term extends term). A rearrest does not toll the probationary term. White v. United States, 564 A.2d 379 (D.C. 1989). Nor may the court use its contempt power to address violations of probation of which it learns after the probationary period has expired. Jones v. United States, 560 A.2d 513 (D.C. 1989).

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14

34802016

"[E]x parte extensions of probation are inadvisable because of the potential for prejudice involved." *Valentine v. United States*, 394 A.2d 1374, 1376 (D.C. 1978). But "exigent circumstances may legitimately arise which require such extensions in order to preserve jurisdiction over a probationer which would otherwise be lost due to expiration of the probation term." *Wallace*, 475 A.2d at 403. *Wallace* found such exigency when the court was notified of violations shortly before the probationary term expired, and upheld issuance of an ex parte notice extending probation, followed by a show-cause hearing during the extended term. *Id*. at 404. The probationer must be afforded the procedural rights listed in Rule 32(b) "before any actual modification of the terms and conditions . . . become[s] effective." Id. In no circumstance may probation be extended or imposed for a period of more than five years from its beginning. D.C. Code § 16-710(b). See *Payne v. United States*, 792 A.2d 237 (D.C. 2001) (per curiam) (defendant sentenced to period of incarceration with all but thirty days suspended and to three years probation; he served the thirty days over ten consecutive weekends in jail. An order to show cause why probation should not be revoked was issued more than 3 years after sentence was imposed, but within 3 years and one month. Because the probationary term was tolled during the weekends in jail, the trial court still had jurisdiction to revoke probation at the time the show cause order was issued).

### 3. Deprivation of Liberty Before Revocation

Due process requires that (1) detention be preceded by a preliminary hearing, with a finding of probable cause to believe that a violation has occurred; and (2) revocation be preceded by a hearing at which it is found that revocation is warranted. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). In the wake of Gagnon, then Chief Judge Greene set out procedures for what are now referred to locally as "*Peters I*" and "*Peters II*" hearings. *See United States v. Peters*, 103 Wash. D.L. Rptr. 2217 (D.C. Super. Ct. 1975), incorporated in the concurring opinion of Judge Nebeker, *In re A.W.*, 353 A.2d 686 (D.C. 1976) (per curiam). Those procedures are now detailed in Super. Ct. Crim. R. 32.1.

A *Peters I* hearing is required only if the defendant is detained pending the final revocation hearing. *Smith v. United States*, 474 A.2d 1271, 1272-73 (D.C. 1983). It is not required if the defendant is held on a different case. *Wallace*, 475 A.2d at 403.

### a. The detention hearing

The defendant is entitled to notice of the detention hearing, of the alleged violations, and of the evidence to be introduced with respect to probable cause. Rule 32.1(a)(1)(A); *Dent v. District of Columbia*, 465 A.2d 841, 843 (D.C. 1983); *A.W.*, 353 A.2d at 691 (*Peters*). Peters also suggests that when the presentment court imposes a five-day hold, it should provide notice of the alleged violations, and that the preliminary hearing will serve as an initial revocation hearing. *Id*. at 693. Hearing commissioners may conduct initial revocation hearings. Super. Ct. Crim. R. 117(f).

The detention hearing may be informal, and reliable hearsay is admissible. Rule 32.1; *Harris*, 612 A.2d at 202; *Patterson v. United States*, 570 A.2d 1198, 1199 (D.C. 1990); *A.W.*, 353 A.2d at 694 (Peters). Accord *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (parole revocation). The defendant is entitled to counsel, to testify, to present evidence, and to question adverse witnesses. Rule 32.1(a)(1)(B)-(D). Compare *A.W.*, 353 A.2d at 694 (Peters) (defendant must be allowed "to confront adverse witnesses, unless . . . there would be a specific risk of harm to any witness as a result of such confrontation") (citing Morrissey, 408 U.S. at 487). The right of confrontation precludes basing a detention order solely upon a grand jury indictment.

At the conclusion of the hearing, the court must decide whether there is probable cause to believe that

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

the defendant has violated a condition of probation. If so, the defendant "shall be detained [pending a final revocation hearing], unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or to the property of others." Rule 46(a)(3); see Rule 32.1(a)(1).

### b. The final revocation hearing

If the defendant is detained, the final revocation – *Peters II* – hearing must be held within sixty days after the detention hearing, or the defendant must be released until a revocation decision is made. Rule 32.1(a)(3). If detention was based on a rearrest, the sixty-day period is tolled by a defense request that the revocation hearing be postponed until final disposition of the new charges. Then, however, the final revocation decision must be made within twenty days after that disposition, or the detention order lifted until the decision is made. Rule 32.1(a)(3).

Greater procedural protections are required at the revocation hearing. Black v. Romano, 471 U.S. 606, 611-12 (1985). The defendant is entitled to written notice of the alleged violation, disclosure of all facts to be used against the defendant, to be present, to present evidence, to counsel, and to confront and cross-examine witnesses. Rule 32.1(a)(2); Colter v. United States, 392 A.2d 994 (D.C. 1978) (vacating revocation order where written notice was not provided); *A.W.*, 353 A.2d at 694 *(Peters)*. Reliable hearsay is admissible. *Patterson*, 570 A.2d at 1199.

Confrontation rights can be limited only if the government establishes "good cause,"*Gagnon*, 411 U.S. at 786 – that "a confrontation would present a clear danger to the witness."*A.W.*, 353 A.2d at 695 *(Peters)*; *see Harris*, 612 A.2d at 212-13 (Ferren, J., dissenting). That the witness will testify at the criminal trial is insufficient. *A.W.*, 353 A.2d at 695 *(Peters)*. If the court finds good cause, it should hear the testimony in camera, and make (on the record) findings on the relative reliability of the government and defense witnesses, and the weight to be given to the testimony heard in camera. Id.

Since revocation issues go beyond probable cause, cross-examination that is irrelevant to probable cause, and excludable at a preliminary hearing, may well be admissible at the final revocation hearing. *Id*. at 692 n.8. The court cannot exercise its discretion on whether to revoke without hearing the witnesses' testimony and making a determination on credibility. *Id*. at 691. Thus, a preliminary hearing – or a transcript thereof – cannot replace the final revocation hearing. *Id.*at 691. Therefore, the return of an indictment is an insufficient ground for revocation.

The revocation hearing should be held before the sentencing judge; if that judge is unavailable, a judge must be designated by the Chief Judge. *Id*. at 694. The court must determine whether the defendant has violated the conditions of probation and whether probation should be revoked in the interests of justice. §24-104. The probationer is entitled to be heard and to present mitigating information. *A.W.*, 353 A.2d at 694-95 *(Peters)*.

Under Gagnon and Morrissey, revocation requires more than probable cause: the hearing "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Morrissey, 408 U.S. at 488. On the other hand, the government need not prove a violation beyond a reasonable doubt; the intermediate standard adopted in this jurisdiction for all violations other than commission of a new offense is that of preponderant evidence. Harris, 612 A.2d at 203-07. Both the majority and the dissent in Harris declined to address the proper standard to be used when the alleged violation is a criminal offense; both, however, seem to acknowledge that it may well have to be higher than preponderant evidence. As a matter of law, there is not clear and convincing

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

evidence of a charge of which the defendant has been acquitted. Roper v. United States, 564 A.2d 726, 731 (D.C. 1989). Thus, if probation is revoked based on a charge that later results in acquittal, revocation should be set aside. Cf. A.W., 353 A.2d at 695 n.22 (Peters) ("it would be unseemly for the probation court to conclude counter to the result of a criminal trial, that an offense has occurred and that it could provide the basis for revocation'") (citation omitted).

The revocation decision is discretionary, and will not be reversed absent an abuse of discretion. Saunders v. United States, 508 A.2d 92, 95 (D.C. 1986); Jacobs v. United States, 399 A.2d 38 (D.C. 1979) (reversing revocation order). An appeal from a revocation order becomes moot if the sentence is served before it is resolved. Smith v. United States, 454 A.2d 1354, 1356 (D.C. 1983).

### c. Tactical considerations

A five-day hold may be ordered at presentment only if the defendant is on probation and "[m]ay flee or pose a danger to any other person or the community." D.C. Code § 23-1322(a). Counsel must bring to the court's attention any circumstances militating against such a finding. Before presentment, counsel should contact the probation officer to discuss the defendant's compliance. If the defendant has been cooperative and the probation officer would not seek revocation but for the new charge, counsel may be able to convince the court not to impose a five-day hold.

If the government may not prevail on the new charge, the defense may wish to postpone the final revocation hearing until the new case is resolved. Conversely, if the probation charge was minor and the new charge is serious, counsel should consider demanding a Peters II hearing. Since that hearing requires the government to produce witnesses to the new charge in order to prove the probation violation, the government will often decline to proceed, resulting in the client's release on the probation charge. If the government does proceed, there is an opportunity for discovery and cross-examination with respect to the new offense. If probation is revoked and the new case is dismissed or results in an acquittal, counsel should petition for reinstatement of probation.

### 4. Sentencing Upon Revocation

Upon revocation, the court may impose any sentence that would have been lawful at the original sentencing, with one exception: if a sentence was imposed when probation was ordered, but its execution was suspended, the sentence upon revocation can be "no more severe than the original sentence." Mulky v. United States, 451 A.2d 855, 856 (D.C. 1982). See D.C. Code § 24-304; cf. Moore v. United States, 468 A.2d 1331, 1334 (D.C. 1983) (court can impose Youth Act sentence that is longer than original sentence, because Youth Act sentence is less severe in light of its "nonpunitive" nature and rehabilitative purpose).

As for initial sentencing, counsel should seek the best available alternatives and propose a specific plan, and may want to focus on the defendant's overall adjustment to probation and the reason for revocation. However, the court need not state that it has considered alternatives to incarceration before revoking probation. Black v. Romano, 471 U.S. 606 (1985).

The new sentence may be the subject of a motion to reduce within 120 days under Super. Ct. Crim. R. 35. An appeal may be noted from the revocation order, but it cannot be used to challenge the original conditions of probation, which must be the subject of a timely appeal when they are imposed. See Barnes v. United States, 513 A.2d 249 (D.C. 1986).

## INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

## Endnotes

### 1 (Popup - Popup)

If a lower sentence is imposed upon revocation than was previously imposed, counsel should ask that the court explicitly state that credit is to be given for time already served. Cf. Brame v. Palmer, 510 A.2d 229 (D.C. 1986) (Court assumed trial court took into account time previously served in imposing reduced sentence upon revocation).

### 2 (Popup - Popup)

This is accomplished by ordering that "execution of sentence is suspended except for that portion between (time) Friday and (time) Sunday for (number) consecutive weekends."

INTRODUCTION - DEDICATION, EDITORIAL STAFF, PREFACE AND ACKNOWLEDGEME

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

18

34802016

## § 3612.  Collection of unpaid fine or restitution

**(a) Notification of receipt and related matters.**   The clerk or the person designated under section 604(a)(18) of title 28 shall notify the Attorney General of each receipt of a payment with respect to which a certification is made under subsection (b), together with other appropriate information relating to such payment. The notification shall be provided—

**(1)** in such manner as may be agreed upon by the Attorney General and the Director of the Administrative Office of the United States Courts; and

**(2)** within 15 days after the receipt or at such other time as may be determined jointly by the Attorney General and the Director of the Administrative Office of the United States Courts.

If the fifteenth day under paragraph (2) is a Saturday, Sunday, or legal public holiday, the clerk, or the person designated under section 604(a)(18) of title 28, shall provide notification not later than the next day that is not a Saturday, Sunday, or legal public holiday.

**(b) Information to be included in judgment; judgment to be transmitted to Attorney General.**

**(1)** A judgment or order imposing, modifying, or remitting a fine or restitution order of more than $100 shall include—

**(A)** the name, social security account number, mailing address, and residence address of the defendant;

**(B)** the docket number of the case;

**(C)** the original amount of the fine or restitution order and the amount that is due and unpaid;

**(D)** the schedule of payments (if other than immediate payment is permitted under section 3572(d) [18 USCS § 3572(d)]);

**(E)** a description of any modification or remission;

**(F)** if other than immediate payment is permitted, a requirement that, until the fine or restitution order is paid in full, the defendant notify the Attorney General of any change in the mailing address or residence address of the defendant not later than thirty days after the change occurs; and

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*19*

34802016

**(G)** in the case of a restitution order, information sufficient to identify each victim to whom restitution is owed. It shall be the responsibility of each victim to notify the Attorney General, or the appropriate entity of the court, by means of a form to be provided by the Attorney General or the court, of any change in the victim's mailing address while restitution is still owed the victim. The confidentiality of any information relating to a victim shall be maintained.

**(2)** Not later than ten days after entry of the judgment or order, the court shall transmit a certified copy of the judgment or order to the Attorney General.

**(c) Responsibility for collection.**   The Attorney General shall be responsible for collection of an unpaid fine or restitution concerning which a certification has been issued as provided in subsection (b). An order of restitution, pursuant to section 3556 [18 USCS § 3556], does not create any right of action against the United States by the person to whom restitution is ordered to be paid. Any money received from a defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

**(1)** A penalty assessment under section 3013 of title 18, United States Code [18 USCS § 3013].

**(2)** Restitution of all victims.

**(3)** All other fines, penalties, costs, and other payments required under the sentence.

**(d) Notification of delinquency.**   Within ten working days after a fine or restitution is determined to be delinquent as provided in section 3572(h) [18 USCS § 3572(h)], the Attorney General shall notify the person whose fine or restitution is delinquent, to inform the person of the delinquency.

**(e) Notification of default.**   Within ten working days after a fine or restitution is determined to be in default as provided in section 3572(i) [18 USCS § 3572(i)], the Attorney General shall notify the person defaulting, by certified mail, to inform the person that the fine or restitution is in default and the entire unpaid balance, including interest and penalties, is due within thirty days.

**(f) Interest on fines and restitution.**

**(1)** In general. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment. If that day is a Saturday, Sunday, or legal public holiday, the defendant shall be liable for interest beginning with the next day that is not a Saturday, Sunday, or legal public holiday.

**(2)** Computation. Interest on a fine shall be computed—

USCS 

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*20*

34802016

**(A)** daily (from the first day on which the defendant is liable for interest under paragraph (1)); and

**(B)** at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the first day on which the defendant is liable for interest under paragraph (1).

**(3)** Modification of interest by court. If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may—

**(A)** waive the requirement for interest;

**(B)** limit the total of interest payable to a specific dollar amount; or

**(C)** limit the length of the period during which interest accrues.

**(g) Penalty for delinquent fine.**   If a fine or restitution becomes delinquent, the defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent. If a fine or restitution becomes in default, the defendant shall pay, as a penalty, an additional amount equal to 15 percent of the principal amount that is in default.

**(h) Waiver of interest or penalty by Attorney General.**   The Attorney General may waive all or part of any interest or penalty under this section or any interest or penalty relating to a fine imposed under any prior law if, as determined by the Attorney General, reasonable efforts to collect the interest or penalty are not likely to be effective.

**(i) Application of payments.**   Payments relating to fines and restitution shall be applied in the following order: (1) to principal; (2) to costs; (3) to interest; and (4) to penalties.

**(j) Evaluation of offices of the United States attorney and department components.**

**(1)** In general. The Attorney General shall, as part of the regular evaluation process, evaluate each office of the United States attorney and each component of the Department of Justice on the performance of the office or the component, as the case may be, in seeking and recovering restitution for victims under each provision of this title and the Controlled Substances Act (21 U.S.C. 801 et seq.) that authorizes restitution.

**(2)** Requirement. Following an evaluation under paragraph (1), each office of the United States attorney and each component of the Department of Justice shall work to improve the practices of the office or component, as the case may be, with respect to seeking and recovering restitution for victims under each provision of this title and the Controlled Substances Act (21

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

21

34802016

U.S.C. 801 et seq.) that authorizes restitution.

**(k) GAO reports.**

**(1)** Report. Not later than 1 year after the date of enactment of this subsection [enacted Dec. 16, 2016], the Comptroller General of the United States shall prepare and submit to the Committee on the Judiciary of the House of Representatives and the Committee on the Judiciary of the Senate a report on restitution sought by the Attorney General under each provision of this title and the Controlled Substances Act (21 U.S.C. 801 et seq.) that authorizes restitution during the 3-year period preceding the report.

**(2)** Contents. The report required under paragraph (1) shall include statistically valid estimates of—

**(A)** the number of cases in which a defendant was convicted and the Attorney General could seek restitution under this title or the Controlled Substances Act (21 U.S.C. 801 et seq.);

**(B)** the number of cases in which the Attorney General sought restitution;

**(C)** of the cases in which the Attorney General sought restitution, the number of times restitution was ordered by the district courts of the United States;

**(D)** the amount of restitution ordered by the district courts of the United States;

**(E)** the amount of restitution collected pursuant to the restitution orders described in subparagraph (D);

**(F)** the percentage of restitution orders for which the full amount of restitution has not been collected; and

**(G)** any other measurement the Comptroller General determines would assist in evaluating how to improve the restitution process in Federal criminal cases.

**(3)** Recommendations. The report required under paragraph (1) shall include recommendations on the best practices for—

**(A)** requesting restitution in cases in which restitution may be sought under each provision of this title and the Controlled Substances Act (21 U.S.C. 801 et seq.) that authorizes restitution;

**(B)** obtaining restitution orders from the district courts of the United States; and

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

(C) collecting restitution ordered by the district courts of the United States.

(4) Report. Not later than 3 years after the date on which the report required under paragraph (1) is submitted, the Comptroller General of the United States shall prepare and submit to the Committee on the Judiciary of the House of Representatives and the Committee on the Judiciary of the Senate a report on the implementation by the Attorney General of the best practices recommended under paragraph (3).

USCS 

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

23

34802016

As a purely textual matter, subsection **3612**(c)(3) contains no temporal limitation on when a court may waive or limit the amount of interest owed. What is more, section **3612** is titled "Collection of Unpaid Fine or Restitution," and its subsections all pertain to post-judgment collection matters. *See, e.g.*, **18** U.S.C. § **3612**(a) (notification of payments); *id.* at § **3612**(d)-(e) (delinquency and default). Moreover, section **3612** itself appears in a chapter titled "Postsentence Administration," along with provisions on probation administration and release from incarceration. **18** U.S.C. Ch. 229.

ylcases

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

24

34802016

## § 3613A.  Effect of default

(a) (1) Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565 [18 USCS § 3565], revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, resentence a defendant pursuant to section 3614 [18 USCS § 3614], hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution.

(2) In determining what action to take, the court shall consider the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution.

(b) (1) Any hearing held pursuant to this section may be conducted by a magistrate judge, subject to de novo review by the court.

(2) To the extent practicable, in a hearing held pursuant to this section involving a defendant who is confined in any jail, prison, or other correctional facility, proceedings in which the prisoner's participation is required or permitted shall be conducted by telephone, video conference, or other communications technology without removing the prisoner from the facility in which the prisoner is confined.

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

25

34802016

## § 3614.  Resentencing upon failure to pay a fine or restitution

(a) **Resentencing.**   Subject to the provisions of subsection (b), if a defendant knowingly fails to pay a delinquent fine or restitution the court may resentence the defendant to any sentence which might originally have been imposed.

(b) **Imprisonment.**   The defendant may be sentenced to a term of imprisonment under subsection (a) only if the court determines that—

(1) the defendant willfully refused to pay the delinquent fine or had failed to make sufficient bona fide efforts to pay the fine; or

(2) in light of the nature of the offense and the characteristics of the person, alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence.

(c) **Effect of indigency.**   In no event shall a defendant be incarcerated under this section solely on the basis of inability to make payments because the defendant is indigent.

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

## § 3615.  Criminal default

Whoever, having been sentenced to pay a fine, willfully fails to pay the fine, shall be fined not more than twice the amount of the unpaid balance of the fine or $10,000, whichever is greater, imprisoned not more than one year, or both.

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

## § 3664.  Procedure for issuance and enforcement of order of restitution

**(a)** For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant. If the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this requirement clearly impracticable, the probation officer shall so inform the court.

**(b)** The court shall disclose to both the defendant and the attorney for the Government all portions of the presentence or other report pertaining to the matters described in subsection (a) of this section.

**(c)** The provisions of this chapter [18 USCS §§ 3661 et seq.], chapter 227 [18 USCS §§ 3551 et seq.], and Rule 32(c) of the Federal Rules of Criminal Procedure shall be the only rules applicable to proceedings under this section.

**(d) (1)** Upon the request of the probation officer, but not later than 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution.

**(2)** The probation officer shall, prior to submitting the presentence report under subsection (a), to the extent practicable—

**(A)** provide notice to all identified victims of—

**(i)** the offense or offenses of which the defendant was convicted;

**(ii)** the amounts subject to restitution submitted to the probation officer;

**(iii)** the opportunity of the victim to submit information to the probation officer concerning the amount of the victim's losses;

**(iv)** the scheduled date, time, and place of the sentencing hearing;

USCS



© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*28*

34802016

**(v)** the availability of a lien in favor of the victim pursuant to subsection (m)(1)(B); and

**(vi)** the opportunity of the victim to file with the probation officer a separate affidavit relating to the amount of the victim's losses subject to restitution; and

**(B)** provide the victim with an affidavit form to submit pursuant to subparagraph (A)(vi).

**(3)** Each defendant shall prepare and file with the probation officer an affidavit fully describing the financial resources of the defendant, including a complete listing of all assets owned or controlled by the defendant as of the date on which the defendant was arrested, the financial needs and earning ability of the defendant and the defendant's dependents, and such other information that the court requires relating to such other factors as the court deems appropriate.

**(4)** After reviewing the report of the probation officer, the court may require additional documentation or hear testimony. The privacy of any records filed, or testimony heard, pursuant to this section shall be maintained to the greatest extent possible, and such records may be filed or testimony heard in camera.

**(5)** If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

**(6)** The court may refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court.

**(e)** Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

**(f) (1) (A)** In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

**(B)** In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.

**(2)** Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572 [18 USCS § 3572], specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—

**(A)** the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

**(B)** projected earnings and other income of the defendant; and

**(C)** any financial obligations of the defendant; including obligations to dependents.

**(3) (A)** A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.

**(B)** A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

**(4)** An in-kind payment described in paragraph (3) may be in the form of—

**(A)** return of property;

**(B)** replacement of property; or

**(C)** if the victim agrees, services rendered to the victim or a person or organization other than the victim.

USCS



© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(g) (1)** No victim shall be required to participate in any phase of a restitution order.

**(2)** A victim may at any time assign the victim's interest in restitution payments to the Crime Victims Fund in the Treasury without in any way impairing the obligation of the defendant to make such payments.

**(h)** If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

**(i)** If the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim. In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.

**(j) (1)** If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

**(2)** Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—

**(A)** any Federal civil proceeding; and

**(B)** any State civil proceeding, to the extent provided by the law of the State.

**(k)** A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

USCS



© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(l)** A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

**(m) (1) (A) (i)** An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title [18 USCS §§ 3571 et seq. and 3611 et seq.]; or

   **(ii)** by all other available and reasonable means.

   **(B)** At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

   **(2)** An order of in-kind restitution in the form of services shall be enforced by the probation officer.

**(n)** If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

**(o)** A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—

   **(1)** such a sentence can subsequently be—

      **(A)** corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 [18 USCS § 3742] of chapter 235 of this title;

      **(B)** appealed and modified under section 3742 [18 USCS § 3742];

USCS 

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

32

34802016

**(C)** amended under subsection (d)(5); or

**(D)** adjusted under section 3664(k), 3572, or 3613A [18 USCS § 3664(k), 3572, or 3613A]; or

**(2)** the defendant may be resentenced under section 3565 or 3614 [18 USCS § 3565 or 3614].

**(p)** Nothing in this section or sections 2248, 2259, 2264, 2327, 3663, and 3663A [18 USCS §§ 2248, 2259, 2264, 2327, 3663, and 3663A] and arising out of the application of such sections, shall be construed to create a cause of action not otherwise authorized in favor of any person against the United States or any officer or employee of the United States.

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

## § 3563.  Conditions of probation

**(a) Mandatory conditions.**    The court shall provide, as an explicit condition of a sentence of probation—

**(1)** for a felony, a misdemeanor, or an infraction, that the defendant not commit another Federal, State, or local crime during the term of probation;

**(2)** for a felony, that the defendant also abide by at least one condition set forth in subsection (b)(2) or (b)(12), unless the court has imposed a fine under this chapter [18 USCS §§ 3551 et seq.], or unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the other conditions set forth under subsection (b);

**(3)** for a felony, a misdemeanor, or an infraction, that the defendant not unlawfully possess a controlled substance;

**(4)** for a domestic violence crime as defined in section 3561(b) [18 USCS § 3561(b)] by a defendant convicted of such an offense for the first time that the defendant attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is readily available within a 50-mile radius of the legal residence of the defendant;

**(5)** for a felony, a misdemeanor, or an infraction, that the defendant refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant;

**(6)** that the defendant—

**(A)** make restitution in accordance with sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664 [18 USCS §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664]; and

**(B)** pay the assessment imposed in accordance with section 3013 [18 USCS § 3013];

**(7)** that the defendant will notify the court of any material change in the defendant's

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34

34802016

economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments;

**(8)** for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act; and

**(9)** that the defendant cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 [34 USCS § 40702].

If the court has imposed and ordered execution of a fine and placed the defendant on probation, payment of the fine or adherence to the court-established installment schedule shall be a condition of the probation.

**(b) Discretionary conditions.** The court may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) [18 USCS § 3553(a)(1) and (a)(2)] and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2) [18 USCS § 3553(a)(2)], that the defendant—

**(1)** support his dependents and meet other family responsibilities;

**(2)** make restitution to a victim of the offense under section 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A) [18 USCS § 3663(a) or 3663A(c)(1)(A)]);

**(3)** give to the victims of the offense the notice ordered pursuant to the provisions of section 3555 [18 USCS § 3555];

**(4)** work conscientiously at suitable employment or pursue conscientiously a course of study or vocational training that will equip him for suitable employment;

**(5)** refrain, in the case of an individual, from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances;

**(6)** refrain from frequenting specified kinds of places or from associating unnecessarily with specified persons;

**(7)** refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

USCS                                    

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

**(8)** refrain from possessing a firearm, destructive device, or other dangerous weapon;

**(9)** undergo available medical, psychiatric, or psychological treatment, including treatment for drug or alcohol dependency, as specified by the court, and remain in a specified institution if required for that purpose;

**(10)** remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release;

**(11)** reside at, or participate in the program of, a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of probation;

**(12)** work in community service as directed by the court;

**(13)** reside in a specified place or area, or refrain from residing in a specified place or area;

**(14)** remain within the jurisdiction of the court, unless granted permission to leave by the court or a probation officer;

**(15)** report to a probation officer as directed by the court or the probation officer;

**(16)** permit a probation officer to visit him at his home or elsewhere as specified by the court;

**(17)** answer inquiries by a probation officer and notify the probation officer promptly of any change in address or employment;

**(18)** notify the probation officer promptly if arrested or questioned by a law enforcement officer;

**(19)** remain at his place of residence during nonworking hours and, if the court finds it appropriate, that compliance with this condition be monitored by telephonic or electronic signaling devices, except that a condition under this paragraph may be imposed only as an alternative to incarceration;

**(20)** comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living;

USCS 

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

**(21)** be ordered deported by a United States district court, or United States magistrate judge, pursuant to a stipulation entered into by the defendant and the United States under section 238(d)(5) of the Immigration and Nationality Act [8 USCS § 1228(d)(5)], except that, in the absence of a stipulation, the United States district court or a United States magistrate judge, may order deportation as a condition of probation, if, after notice and hearing pursuant to such section, the Attorney General demonstrates by clear and convincing evidence that the alien is deportable;

**(22)** satisfy such other conditions as the court may impose or

**(23)** if required to register under the Sex Offender Registration and Notification Act, submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

**(c) Modifications of conditions.**   The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation.

**(d) Written statement of conditions.**   The court shall direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the sentence is subject, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required.

**(e) Results of drug testing.**   The results of a drug test administered in accordance with subsection (a)(5) shall be subject to confirmation only if the results are positive, the defendant is subject to possible imprisonment for such failure, and either the defendant denies the accuracy of such test or there is some other reason to question the results of the test. A defendant who tests positive may be detained pending verification of a positive drug test result. A drug test confirmation shall be a urine drug test confirmed using gas chromatography/mass spectrometry techniques or such test as the Director of the Administrative Office of the United States Courts after consultation with the Secretary of Health and Human Services may determine to be of equivalent accuracy. The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3565(b) [18 USCS § 3565], when considering any action against a defendant who fails a drug test administered in accordance with subsection (a)(5).

USCS 

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*37*

34802016

he Bureau of Prisons ("**BOP**") may adjust payment plan pursuant to 28 C.F.R. § 545.11(b), and that the **BOP** applies a formula found in **BOP** program statement 5380.08 to make such adjustments. Id. at 6-7.

<u>Discussion</u>:

The IFRP is a **BOP** program that enables prisoners to:

> make scheduled payments from their inmate accounts toward court-ordered financial obligations. <u>See</u> 28 C.F.R § 545.10-11. Prison staff assist inmates in developing financial plans, which are subject to periodic review. <u>Id.</u>... [T]he IFRP is voluntary; the **BOP** cannot compel an inmate to make payments. <u>See United States v. Boyd</u>, 608 F.3d 331, 334 (7th Cir. 2010). But inmates with financial obligations who refuse to participate in the IFRP may no longer be eligible for many privileges, including more desirable housing and work outside the prison. 28 C.F.R. § 545.11(d).<u>Fontanez v. O'Brien</u>, 807 F.3d 84, 85 (4th Cir. 2015).

After reviewing Medlin's written submission, and considering her continuing incarceration, the court does not find any material change in Medlin's economic circumstances that affects her ability to pay restitution. Thus, there is no basis for a modification pursuant to 18 U.S.C. § 3664(k).

To the extent Medlin argues that the court's January 9, 2014, judgment improperly delegated the schedule of restitution payments to{**2018 U.S. Dist. LEXIS 4**} the **BOP** pursuant to the IFRP, this argument is without merit. <u>See, e.g.</u>, <u>Richardson v. Smith</u>, No. 2:14CV64, 2015 U.S. Dist. LEXIS 175043, 2015 WL 9875842, at *11 (N.D.W. Va. Nov. 2, 2015) ("[T]he IFRP has been 'uniformly upheld against constitutional attack'" (quoting <u>McGhee v. Clark</u>, 166 F.3d 884, 886 (7th Cir. 1999))), <u>report and recommendation adopted</u>, No. 2:14-CV-64, 2016 U.S. Dist. LEXIS 6481, 2016 WL 237125 (N.D.W. Va. Jan. 20, 2016), <u>aff'd</u>, 668 F. App'x 508 (4th Cir. 2016).

Finally, the court turns to the thrust of Medlin's motion-that, by setting an $88.00-a-month IFRP payment rate, well above what she can earn through work at F.P.C. Alderson, the **BOP** is not complying with the regulations that govern the IFRP. Although the court finds it curious that the **BOP** purportedly set Medlin's monthly payment at an amount considerably higher than the $50.00-a-month post-incarceration payment rate set by the court, <u>see</u> J. [D.E. 415] at 6, the court is bound by the holding that "an inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241," <u>Fontanez</u>, 807 F.3d at 87; <u>see In re Vial</u>, 115 F.3d at 1194 n.5 ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."). To seek habeas relief under section 2241, Medlin must file her petition in the district of her present confinement. <u>See United States v. Poole</u>, 531 F.3d 263, 270 (4th Cir. 2008).

<u>Conclusion</u>:

1ydcases

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

## § 3573.  Petition of the Government for modification or remission

Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice—

(1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties;

(2) defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule; or

(3) extend a date certain or an installment schedule previously ordered.

A petition under this subsection shall be filed in the court in which sentence was originally imposed, unless the court transfers jurisdiction to another court. This section shall apply to all fines and assessments irrespective of the date of imposition.

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

## § 2241.  Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

40

34802016

**(e) (1)** No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

**(2)** Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 (10 U.S.C. 801 note), no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

USCS

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

The IFRP operates "under the exclusive control and authority of the Executive Branch." United States v. Baldwin, 563 F.3d 490, 492, 385 U.S. App. D.C. 281 (D.C. Cir. 2009). Ayers-Zander has not shown that she exhausted all available BOP administrative remedies to challenge her IFRP restitution payment amount before seeking judicial relief. See United States v. Rush, 853 F. Supp. 2d 159, 162 (D.D.C. 2012) (citing 28 C.F.R. § 542.10(a)). Even if Ayers-Zander had exhausted all administrative remedies, the proper method for challenging how BOP is administering the IFRP in her case may not be a motion to the sentencing court, but rather a petition under 28 U.S.C. § 2241 in the district where Ayers-Zander is serving her sentence. See, e.g., United States v. Diggs, 578 F.3d 318, 319 & n.1 (5th Cir. 2009) ("All other circuits to look at this issue agree that prisoners challenging their IFRP payment plans must do so under § 2241."); Rush, 853 F. Supp. 2d at 162; United States v. Locke, Criminal No. 09-259 (JDB), 2012 U.S. Dist. LEXIS 49184, 2012 WL 1154084, *3 n.5 (D.D.C. Apr. 9, 2012).

In {**2013 U.S. Dist. LEXIS 3**}any event, a court on motion made under 18 U.S.C. § 3664(k) may modify a restitution order after a defendant asserts a "material change" in her economic circumstances. See 18 U.S.C. § 3664(k). "The petitioner bears the burden of proving that [her] circumstances have changed enough to warrant such a modification." Hinton v. United States, Civil Action No. 01-1508 (RMU), 2003 U.S. Dist. LEXIS 13608, 2003 WL 21854935, at *4 (D.D.C. Aug. 5, 2003). However, Ayers-Zander's cursory assertion of an inability to pay in the face of unrebutted contrary evidence does not constitute a sufficient change in circumstances to justify deferring restitution payments until after her release. See Locke, 2012 U.S. Dist. LEXIS 49184, 2012 WL 1154084, at *1-2.

ylcases

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

42

U.S. Const. amend. V states that no person shall be deprived of life, liberty, or property, without due process of law. When neither life nor property is involved, courts -- speaking in a sort of shorthand -- talk of the need to find a "liberty interest" before considering what process is due under U.S. Const. amend. V and XIV.

***Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection***
***Criminal Law & Procedure > Postconviction Proceedings > Imprisonment***

For the Due Process Clause to govern state action against an inmate, more than the usual constraints of prison itself must be in the offing. For such a liberty interest to exist, the state must be subjecting the prisoner to a restraint that imposes atypical and significant hardship as compared with the ordinary incidents of prison life. Only then may it be said that a prisoner is threatened with a loss of "liberty" within the Constitution's meaning.

***Criminal Law & Procedure > Postconviction Proceedings > Imprisonment***
***Civil Procedure > Justiciability > Standing > General Overview***
***Civil Procedure > Class Actions > Class Members > Named Members***
***Criminal Law & Procedure > Postconviction Proceedings > Parole***

In order to establish standing, "named plaintiffs" in a class action claiming inadequacies in a prison system must prove that they have been personally injured; beyond the pleading stage, it is not enough that some other, unidentified member of the class suffered harm from the inadequacy.

***Criminal Law & Procedure > Postconviction Proceedings > Imprisonment***
***Civil Rights Law > Prisoner Rights > Discipline***

Whether a prisoner's "liberty" is threatened -- that is, whether the Due Process Clause applies -- depends on the discipline involved and nature of the prisoner's term of incarceration.

43

DICASES 

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

34802016

TRULINCS  34802016 - ROSEBAR, MICHAEL LAWRENCE - Unit: LOR-C-A

--------------------------------------------------------------------------------

FROM: 34802016
TO:
SUBJECT:
DATE: 11/05/2023 06:26:18 PM

WHEREFORE MR MICHAEL LAWRENCE ROSEBAR PAY THAT THIS COURT GRANT THIS MOTION  PURSAUNT 28 USC 2241
FOR THE CONVICTION FOR  DC CODE 16-711  AND FEDERAL RESTITUTION CODE  BECAUSE ROSEBAR NEVER REFUSE
TO NOT PAY THE RESTITUTION AFTER BEING CONVICTION  IF THE US ATTORNEY WOULD HAVE SETUP A PAYMENT PLAN
FOR PAROLE  FOR THE DC CODE OR A HEARING 16-711(d) MR MICHAEL ROSEBAR WOULD PAY FOR RESTITUTION
MR ROSEBAR DID NOT HAVE THE MONEY TO PAY 701,000 AFTER THE CONVICTION OF HIS TRIAL A FAILURE TO PAY
LETTER WAS SENT TO PAY RESTITUTION AND IN 30 DAYS 90 DAYS IN DEFAUT OF 701,000 MR ROSEBAR WAS
THREATEN BY THE STAFF AT LORETTO CAMP IF HE DID NOT SIGN THE FRP HE WOULD BE PUT IN THE HOLDING IN
2018. ALSO A ATTORNEY FROM DC CAME TO THE CAMP WITH THE CAMP NOTARY IN 2020 TO TRY TO MAKE ME SIGN
ALL MY PROPERTIES OVER AND SALE MY HOME AND MR ROSEBAR REFUSE TO SIGN AND THEN WAS THREATEN
AGAIN TO BE PUT IN A HOLDING CELL BY A COUNSELOR AT THE TIME NAME MR NAGGLET NOW THE CASE
MANAGER NOW MR GOTTSHAW HAS PUT MR ROSEBAR IN REFUSAL STATUS BECAUSE MR ROSEBAR  WOULD NOT
SIGN A NEW FRP CONTRACT FOR 200 HUNDRED DOLLARS MORE EVERY THREE MONTHS AFTER 6 IN A HALF YEAR
MR ROSEBAR HAS NEVER BEEN LATE TO PAY FRP MR ROSEBAR THOUGHT THAT THE MONEY WAS BEING PAID TO
THE COURT FOR RSTITUTION WHICH IS NOT AND ITS THE SAME BALANCE STILL WERE IS THE
MONEY AND PLUS BEING INCARCERATED AND PAYING MONEY TO THAT NOT GOING TOWARD THE RESTITUTION
ORDER THE BOP IS MAKING MR ROSEBAR BE IN DEFAUT AND THE PROBATION AND THE COURT IS NOT AWARE SO
MR ROSEBAR ASK THIS COURT TO GRANT THIS MOTION AND BE IMMEDIATELY RELEASE PURSAUNT TO 28 USC
2241 AND ASK THE WARDEN MICHAEL UNDERWOOD WERE IS THE RESTITUTION MONEY SO MR ROSEBAR CAN BE
RELEASE TO PAY WHAT RESTITUTION HE OWE
ASLO MR MICHAEL LAWRENCE ROSEBAR HAVE EXHAUSTED ALL OF HIS ADMINISTRATIVE REMEDIES IN THIS CASE WITH
THE BOP AT THIS CAMP AND THEY HAVE NOT EVEN HELP HIM WITH ANYTHING ABOUT THIS AGGRAGATED SENTENCE
MR ROSEBAR ASK THIS COURT REMAND THIS CASE AND BE RELEASE AND CORRECT THE SENTENCE AND OR SETUP A PAYMENT PLAN.
RESPECTFULL SUBMITTED     *Michael Lawrence Rosebar*

MICHAEL LAWRENCE ROSEBAR 11-4-2023

44

TRÜLINCS 34802016 - ROSEBAR, MICHAEL LAWRENCE - Unit: LOR-C-A

--------------------------------------------------------------------------------

FROM: 34802016
TO:
SUBJECT:
DATE: 11/05/2023 06:11:47 AM

AFFITDAVIT OF MICHAEL ROSEBAR I FILE THIS RENEWED MOTION TO VACATE THIS CONVICTION ON OCTOBER 3, 2023 AND
ALL STATEMENTS AND DOCUMENTS AND EXHIBITS WITH THIS MOTION ARE TURE AND CORRECT UNDER
28 USC 1746 THAT THE CREDITOR FILE A FALSE POLICE REPORT TO HAVE MPD DC POLICE DEPARTMENT COME TO
MY HOME KICK MY DOOR IN AND RUN THREW MY HOME AND RETRIVE DOCUMENTS BECAUSE OF A FALSE POLICE
REPORT FILED  ABOUT MY GUN THAT I  OWN. LORELL HARPER, AND A CREDITOR DAVID BROOKS, FILED A FALSE
POLICE REPORT AGAINST MICHAEL LAWRENCE ROSEBAR AND SAID IN THERE STATEMENTS THAT MR ROSEBAR
HAD THREATEN TO KILL THEM WHICH IS NOT TRUE FOR AND INDICTMENT AND COVICTION SEE HARPER V
ROSEBAR DC CASE NUMBER 2013 CRW003953 SEE TRANSCRIPTS
OF LORELL HARPER IN DC SUPERIOR COURT IN  HER STATEMENTS SHE SAID THAT BROOKS  ASK HER TO FILE
THAT POLICE
 REPORT BECAUSE MR ROSEBAR FILED FOR BANKRUPTCY SEE TRANSCRIPTS OF BROOKS STATEMENTS IN
HARPER V ROSEBAR DC SUPERIOR COURT IN HIS STATEMENTS. IN BROOKS STATEMENT HE SAID DURNING THAT
TRIAL THAT MR ROSEBAR THREATEN TO KILL MISS HARPER BROOKS DID NOT KNOW THAT MISS HARPER TOLD
THE COURT THAT MR ROSEBAR
DID NOT THREATEN HER  ALSO MPD  DETECTIVE VINCENT TUCCI WAS PRESENTED AT TRIAL IN HARPER V
ROSEBAR
A US MARSHALL TESTIFED IN MR ROSEBAR DEFFENSE AND SAID THAT ROSEBAR DID NOT THREATEN KNOW ONE
THAT DAY
AND THEN THE US MARSHALL GOT  FIRED SEE US MARSHALL TRANSCRIPTS OF THAT US MASHALL IN HARPER V
ROSEBAR
IN DC SUPERIOR COURT TRANSCRIPTS SEE DAVID BROOKS IN HIS NEW FILING IN A ADVERSARY PROCEEDING
EXHIBITS THAT
HE MADE THAT POLICE REPORT AND GAVE AND TURNOVER DOCUMENTS TO THE GOVERMENT FOR AN
INDICTMENT  BUT THE GOVERMENT SAID IN ALL OF THERE TRIAL  MOTIONS AND IN THERE APPEAL REPLY BRIEF
THAT
DAVID BROOKS DID NOT HAVE ANYTHING TO DO WITH THIS CONVICTION ITS MAKES THE GOVERMENT ATTORNEYS
A TRANGRESSTION ATTORNEYS IN THIS CONVICTION.
THE GOVERMENT'S FAILURE TO DISCLOSE MATERIAL EVDIENCE FAVORBLE TO THE ACCUSED RESULT IN
DEPRIVATION OF DUE PROCESS.THEREFORE THE PROSECUTION MUST DISCLOSE SUCH MATERIAL IN TIME FOR
THE
DEFENSE TO USE THE FAVORBLE MATERIAL EFFECTIVELY IN THE PREPARATION AND PERSENTATION OF THE
CASE,
BECAUSE MR MICHAEL LAWRENCE ROSEBAR WAS NEVER CHARGED WITH THREATING DAVID BROOKS IN THE
CASE NUMBER
2014 CDC 008072 AND WAS NEVER PROVIDED INFORMATION ABOUT THREATING BROOKS BUT BROOKS TESTIFED
IN CASE
#2013 CRW 003953  HARPER V ROSEBAR IN DC SUPERIOR COURT SEE MISS HARPER STATEMENTS IN HER
STATEMENT
 DURNING THAT CRIMINAL  PROCEEDING SHE STATED THAT SHE MADE THAT POLICE REPORT BECAUSE BROOKS
ASK HER
TO BECAUSE MR ROSEBAR HAD FILED FOR BANKRUPTCY AND IN BROOKS STATEMENTS HE SAID THAT HE HEARD
MR ROSEBAR THREATEN MISS HARPER IN HIS STATEMENTS DURNING THAT SAME CRIMINAL PROCEEDING
EVEN IF SATISFACTION OF THIS CRITERION REQURIES PRETRIAL DICLOSURE. HOWEVER, WHEN THE BRADY
INFORMATION
HAS NOT BEEN DISCLOSED A TIMELY REVERSAL IS WARRANTED ONLY IF THERE IS A REASONABLE PROBABILTY
THAT
HAD THE EVIDENCE BEEN DISCLOSED, THE RESULT OF THE PROCEEDING WOULD BE DIFFERENT.WHERE THE
TRIAL
COURT HAS DETERMININED THAT ASSERTED BRADY MATERIAL WOULD NOT HAVE MATERIAL AFFECTED THE
VERDIT, THE
COURT REVIEW IS LIMITED TO A DETERMINATION OF WHETHER THAT DECISION IS REASONABLE.
AN INDEPENDENT REVIEW IS INAPPROPRIATE MR ROSEBAR  ASK THIS COURT TO GRANT THIS MOTION FOR
RELIEF IN

45

TRULINCS  34802016 - ROSEBAR, MICHAEL LAWRENCE - Unit: LOR-C-A

--------------------------------------------------------------------------------------------------

THIS CONVICTION AND TO BE RELEASE DUE TO ALL ISSUES THIS CASE AND IN THIS MOTION PURSUANT 28 USC 2241
AND RESTITUTION AND A BRADY VIOLATION TO FAILURE TO GIVE MR MICHAEL  ROSEBAR HIS BRADY MATERIAL
AND CROSS EXAMINATION OF THE GOVERMENT WITNESS THAT FILE A POLICE REPORT UNDER NEWLY DISCOVER
EVIDENCE PROVIDE BY THE WITNESS DAVID BROOKS IN A BANKRUPTCY CASE AFTER THE GOVERMENT STATED
THAT MR DAVID BROOKS HAD NOTHING TO DO WITH THIS INDICTMENT THIS IS A BRADY VIOLATION AND A ILLEGAL
CONVICTION FOR THE
RESTITUTION MR ROSEBAR CAME TO LORETTO IN NOVEMBER 2017 MR ROSEBAR WAS THREATEN THAT HE WILL
BE PUT IN THE HOLEING CELL IF HE DONT SIGN THE IFRP FOR RESTITUTION MR ROSEBAR DID NOT KNOW WHAT
HE WAS SIGNING AT THAT TIME WHILE UNDER DEREST BUT IS NOW AWARE OF THE IFRP MR ROSEBAR ASK THIS
COURT TO GRANT THIS MOTION
AND BE RELEASE OR REMAND THIS CASE BACK TO US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA FOR
FURTHER
PROEEDING AND SEE ALL EXHIBITS MR ROSEBAR WAS ALSO CHARGED FOR RESTITUTION IN THIS CASE UNDER
DC CODE  PURSUANT TO DC CODE 16-711 THE COURT CAN ONLY RESTITUTION FOR DC CODE IS BY A PLEA
AGGREMENT MR ROSEBAR
WENT TO TRIAL AND DID NOT TAKE A PLEA IN THIS CASE AND   ALSO THE GOVERMENT REGUESTING FORFIETURE
IN THIS
SAME CASE FOR 65,000  FOR THE FEDERAL JUDGMENT SEE EXHIBIT  FORFIETURE SEE EXHIBIT  FOR THE
RESTITUTION
THE BOP IS HOLDING  MR ROSEBAR FOR FAILURE TO PAY RESTITUTION AMOUNT THAT MR ROSEBAR DO NOT OWE
FOR DC CODE RESTITUTION FOR THE DC CODE A CAN ONLY CAN BE ORDER UNDER A PLEA AGRREMENT DC CODE
16-711 AND
THE FEDERAL GOVERMENT CAN NOT ORDER UNLESS ORDER PROBATION.

11-4-23

46



TRULINCS  34802016 - ROSEBAR, MICHAEL LAWRENCE - Unit: LOR-C-A

--------------------------------------------------------------------------------

FROM: 34802016
TO:
SUBJECT:
DATE: 11/04/2023 06:50:37 PM

AFFITDAVIT OF MICHAEL LAWRENCE ROSEBAR ALL FACTS AND EXHIBITS IN THIS MOTION ARE TRUE AND
CORRECT TO THE BEST OF MY KNOWLEDGE UNDER 28 USC 1746

RESPECTFULLY SUBMITTED
MICHAEL LAWRENCE ROSEBAR
INMATE # 34802016
FCI LORETTO CAMP P.O. BOX 1000
CRESSON PA 16630