## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL L. ROSEBAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:23-cv-277 |
| | ) | Judge Stephanie L. Haines |
| MICHAEL UNDERWOOD, WARDEN, | ) | Magistrate Judge Keith A. Pesto |
| F.C.I. LORETTO, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Michael L. Rosebar ("Petitioner") (ECF No. 3). Petitioner is currently incarcerated at Federal Correction Institution Loretto ("FCI-Loretto"). On November 8, 2023, Petitioner filed his Petition (ECF No. 3) and subsequently filed two Supplements (ECF Nos. 4, 6). In his Petition, Petitioner argues that the procedure by which the Bureau of Prisons ("BOP") is enforcing his restitution is illegal and that he should be released to pay the remainder of restitution owed (ECF No. 3, p. 44). This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On November 21, 2023, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 8) recommending that the Petition as supplemented (ECF Nos. 3, 4, 6) be summarily denied. Petitioner argues that it is not within the discretion of the BOP to delegate or schedule restitution and that any attempt by the BOP to collect restitution through the Inmate Financial Responsibility Program ("IFRP") is invalid and grounds to vacate his conviction. This logic is flawed and not legally supported. Petitioner also argued that restitution was not properly ordered by the

1

sentencing judge and asks this Court to investigate the whereabout of his previous restitution payments. Neither the argument nor the request is appropriate for a habeas petition.

Petitioner was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has not filed any objections, and the time to do so has expired.

Upon review of the Petitioner's filings (ECF Nos. 3, 4, 6), and the Report and Recommendation (ECF No. 8), under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. Magistrate Judge Pesto correctly determined Petitioner's claim regarding restitution has no merit under 28 U.S.C. § 2241 and further, that Petitioner's claims that restitution was not properly ordered or collected are not cognizable under a Section 2241 habeas case.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 10th day of January 2024, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3) hereby is DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 8) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

2